Jonathan Pearce, Cal. Bar No. 2457,76
jpearce@socalip.com
Brian Tamsut, Cal. Bar No. 322,780
btamsut@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350

Attorneys for Plaintiff Cheef Holdings

# United States District Court

## Central District of California – Western Division

| | |
|---|---|
| Cheef Holdings, a California corporation,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>Shopping EZ LLC, a Utah Limited Liability Company, and Does 1-10,<br><br>　　　Defendants. | Case No. 2:22-cv-2370<br><br>Complaint for Damages and Injunction:<br>(1) COPYRIGHT INFRINGEMENT [17 U.S.C § 501];<br>(2) LANHAM ACT COMMON LAW TRADEMARK INFRINGEMENT [15 U.S.C. § 1125(a)(1)]; and<br>(3) UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code § 17200].<br><br>Demand for Jury Trial |

Plaintiff Cheef Holdings ("Plaintiff" or "Cheef") for its complaint against Shopping EZ LLC ("EZ" or Defendant), and Does 1-10 (referred to herein singularly as "Defendant" and collectively as "Defendants") alleges on information and belief as follows:

# JURISDICTION AND VENUE

## A. SUBJECT MATTER JURISDICTION

1. Plaintiff Cheef is a California Corporation registered to do business in California with its primary business located, in 6048 Triangle Dr Commerce CA 90040, and it brings this action for federal copyright infringement, federal common law trademark infringement, California unfair business practices, against EZ and Does 1-10.

2. Defendant, EZ, represents itself as a Utah Limited Liability Company, with an address at 138 E 12300 S, Suite 405 Draper 84020 UT and it operates and does business throughout the United States, including in this District, including selling items to California residents via Amazon.com.

3. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because Plaintiff's federal claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*. and the Copyright Act 17 U.S. Code § 501 et seq. This Court has subject matter jurisdiction over Plaintiff's related common law of California claims under 28 U.S.C. §§ 1338(b) and 1367 because the state law claims relate to claims for unfair competition.

## B. PERSONAL JURISDICTION & VENUE

4. This court has personal jurisdiction over the Defendants because they conduct business within the jurisdiction of the United States District Court for the Central District of California by offering goods for sale to customers in this district via Amazon.com

5. Cheef does not know the true names and capacities, whether individual, corporate, associate or otherwise of Defendants Does 1–10. Therefore, they are sued by these fictitious names. Cheef will amend this pleading when the true names and capacities have been ascertained.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim occurred and a substantial part of the property that is the subject of the action is situated in this district.

## RELEVANT FACTS

7. Founded in 2018, Cheef Holdings has quickly become the premier maker of CBD and wellness products. Cheef creates and sells products such as full spectrum CBD Oil, Vegan Gummies, cookies, and other hemp based goods.

8. Cheef utilizes distinctive and novel features on its packaging that were designed to distinguish Cheef's products from others in the market. For example, Cheef's EXHALE branded gummies feature a distinctive black background with stylized EXHALE trademark located in the middle of the bottle:



9. Defendant EZ is an entity that sells products via Amazon.com. Defendant EZ posted pictures of Plaintiff's products and represents to consumers that it is authorized to sell such gummies via Amazon.com. Defendants sold Plaintiff's Exhale

Gummy products via Amazon.com. A search of Amazon.com for "Exhale Gummies" shows Plaintiff's copyright protected images:



10. None of the above postings to Amazon.com that show Plaintiff's trademarks, and copyrights were licensed, authorized by or approved of by Plaintiff.

11. It is presently unclear to Cheef, but the goods may even be counterfeit or otherwise compromised posing a health and safety risk to the public as well as associated reputational damage to Cheef.

12. Through its counsel, under 17 U.S. Code § 512 Cheef has filed multiple DMCA takedown requests against Defendants.

13. Defendants' products are likely to cause consumers, the public and the trade to erroneously believe the goods they sell emanate or originate from Plaintiff, or that Plaintiff authorized, sponsored, or approved the goods. This confusion causes irreparable harm to Plaintiff and weakens the distinctive quality of Plaintiff's brand and products. Defendants engage in federal copyright infringement, federal trademark infringement, and California state unfair business practices, by imitating and copying Cheef's products, advertising, packaging, and other unique designs, layout, color schemes, and

---

[1] Screenshot obtained on 4/4/2022 at https://www.amazon.com/s?k=exhale+gummies&crid=1GM3UK1RXRMU&sprefix=exhale+gummi%2Caps%2C307&ref=nb_sb_noss_2

wording that make up the distinctive total image and appearance of Cheef, and Cheef seeks injunctive relief, damages, treble damages, and its attorney's fees and costs, and other relief authorized under federal and state law.

14. Cheef's name, EXHALE trademark, other logos and product packaging are protected by common law trademark rights, and Cheef has filed and continues to file trademark applications protecting its brand to this day.

15. Cheef's copyrights for its label and packaging designs include its unusual packaging configuration, artistic graphical choices, unique color backing, cleverly placed and uniquely shaped banners, original photorealistic illustrations, and intentionally and creatively arranged and sized frames, shapes, borders, font, color, designs, stylization, display, and impression that are original and create a unified original and creative work.

### FIRST CLAIM FOR RELIEF - COPYRIGHT INFRINGEMENT
### [17 U.S.C. § 501]

16. Cheef re-alleges and incorporates by reference all allegations set forth above.

17. Cheef owns valid federal copyrights for its original, distinctive, unique, creative, and artistic product packaging at Copyright Registration No. VA 2-288-263, a copy of which is attached as Exhibit A and incorporated by reference.

18. Defendants committed copyright infringement by copying constituent elements of Cheef's original protected work, and then causing the work to be displayed on Amazon.com.

19. Slight differences in color or size and uncopyrightable wording/lettering is no defense to Defendants' infringing conduct.

20. After publication of Cheef's protected works in the public marketplace, Defendants, without permission, intentionally and knowingly reproduced, counterfeited, copied, displayed, altered, and manufactured Cheef's protected work by offering, ad-

vertising, promoting, retailing, selling, and distributing its products in product packaging and related promotional and advertising content copying the artwork and protected copyrightable material in Cheef's original work.

21. Defendants copied Cheef's artwork protected under copyright for commercial gain, and placed the artwork on its own labels, packaging, and advertising to be confusingly similar to Cheef's copyrighted work, unique color backing, arbitrarily placed, stylized, sized and uniquely shaped banners, original photorealistic illustrations, and intentionally placed in differently sized frames, borders, texts and shapes that are original to Cheef and protected under their federal copyright registration.

22. Upon learning of Defendants' infringement, Plaintiff filed several DMCA takedown requests via Amazon.com. Amazon.com promptly took down the posts, but days later notified Plaintiff that Defendants had filed a counter-notice. In the counter-notice Defendants stated, "You recently provided me with a copy of a Notice of Infringement under the Digital Millennium Copyright Act (DMCA). This letter is a Counter-Notification as authorized in [§] 512(g) of the DMCA. I have a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled. I therefore request that the material be replaced and/or no longer disabled. The material in question formerly appeared on Amazon website with Amazon Standard Identification Number (ASIN): B09PZFBWM9 My contact information is as follows: Full Legal Name: Shopping EZ LLC  Email Address: shpezinfo@gmail.com  Mailing Address: 138 E 12300 S Suite 405 Draper UT 84020  Phone Number: 435-962-9351 ✓ (I) I am located in the United States and I consent to the jurisdiction of the Federal District Court for the judicial district in which my address is located (OR) I am located outside of the United States and I consent to the jurisdiction of any judicial district in which Amazon may be found. ✓ (II) I agree to accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person.

✓ (III) I have a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled. ✓ (IV) I declare under penalty of perjury under the laws of the United States of America that this Counter-Notification and all statements therein are true and correct. ✓ (V) I ACKNOWLEDGE THAT PROVIDING FALSE STATEMENTS IN A COUNTER-NOTICE MAY LEAD TO CIVIL PENALTIES OR CRIMINAL PROSECUTION."

23. A true and correct copy of three counternotices filed by Defendants is attached as Exhibit B.

24. Plaintiff suffered damages. Because of Defendants' copyright infringement, they earned profits they otherwise would not have earned.

25. Defendants' infringement was willful, because it copied Cheef's original work knowing that its conduct constitutes an act of infringement.

26. Defendants' infringement is also willful because following a Digital Millennium Copyright Notice (DMCA) takedown request, Defendants filed a counter-notice flagrantly and falsely claiming "a good faith belief that the material identified in the Notice of infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled."

27. Plaintiff is also entitled to statutory damages under 17 U.S.C. § 504 of at least $30,000 per infringing work. Because Defendants' infringement was willful, they are liable for statutory damages of $150,000 under 17 U.S.C. § 504(c)(2).

<center>

**SECOND CLAIM FOR RELIEF –**

**LANHAM ACT COMMON LAW TRADEMARK INFRINGEMENT**

**(FALSE DESIGNATION OF ORIGIN)**

**[15 U.S.C. § 1125(A)(3)]**

</center>

28. Cheef re-alleged and incorporates by reference all allegations set forth above.

29. Defendants' acts violate 15 U.S.C. §§ 1114, 1125(a) as a false designation of origin. Specifically, Defendants are and have falsely asserted that they are selling Cheef products.

30. Cheef has been and is likely to be damaged by these acts. Thus, Defendants are liable for the acts alleged herein directly, vicariously, and/or contributorily. Because Defendants' infringement, as alleged herein, was intentional, willful, malicious, and done with full knowledge of Cheef's marks and copyrights, with intent to trade on the goodwill therein and cause consumer confusion and deception, this action qualifies as an exceptional case within the meaning of 15 U.S.C. § 1117. Cheef is entitled to exemplary damages, attorneys' fees, costs, and pre-judgment interest pursuant to the Lanham Act.

31. As a result of Defendant's acts as alleged herein, Cheef incurred damages in an amount to be proven at trial consisting of, inter alia, the diminution in the value and goodwill associated with its trademarks, lost sales, and Defendants' profits attributable to infringement.

### THIRD CLAIM FOR RELIEF - UNFAIR BUSINESS PRACTICES
### [CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200]

32. Cheef re-alleges and incorporates by reference all allegations set forth above.

33. Defendants have engaged in unfair competition under the Cal. Bus. & Prof. Code § 17200 by engaging in unlawful and unfair conduct, as described above and in this claim for relief. Defendants consciously copied the packaging and labels of Cheef to create a likelihood of confusion in the hemp, CBD, and wellness space. Defendant's acts are calculated to confuse consumers regarding their products and Cheef's well-known company and EXHALE branded products.

34. By misappropriating and using Cheef's protected marks, copyrights, label, artwork, design, and related protected works, Defendants misrepresented and falsely described to the public the origin and source of the products and created a likelihood

of confusion by ultimate purchasers as to both the source and sponsorship of such product.

35. Cheef has been and will continue to suffer damages and irreparable harm because of Defendant's unfair competition unless Defendants are enjoined from engaging in further such acts. As a proximate and foreseeable result of Defendant's violations of the California unfair competition law, Cheef has been damaged in an amount presently unknown. Defendants have unjustly earned profits that but for their acts complained of here, they would not have earned.

36. Defendants' conduct was willful, because it copied Cheef's original works knowing that its conduct constituted an act of infringement for its own commercial gain and placed it on its own labels, packaging, and advertising to be confusingly similar to Plaintiff Cheef's copyrighted artistic graphical choices, unique color backing, stylized, sized and uniquely shaped banners, and intentionally placed and differently sized frames, borders, texts and shapes that are original to Cheef.

## Request for Relief

WHEREFORE, Cheef respectfully requests that the Court order judgment against Defendants for:

1. An injunction ordering Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

(a) using any reproduction, counterfeit, copy, or colorable imitation of the Cheef marks, copyrights, and related packaging and logos, to identify any goods or the rendering of any services not authorized by Cheef;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Cheef's business reputation or weaken the distinctive quality of the Cheef marks, copyrights, and related packaging and logos including use of the trademark EXHALE;

(c) using a false description or representation including words or other symbols falsely describing or representing Defendants' unauthorized goods as being those of Cheef or sponsored by or associated with Cheef and from offering such goods in commerce;

(d) further infringing the Cheef marks, copyrights, and related packaging and logos by manufacturing, producing, importing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Cheef bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Cheef marks, copyrights, and related packaging and logos;

(e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Cheef marks, copyrights, and in the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or relate or connect, such products to Cheef, or to any goods sold, manufactured, sponsored or approved by, or connected with Cheef;

(f) making any statement or representation, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, imported sold or offered for sale, or rented by Defendants is associated or connected with Cheef; or is sold, manufactured, licensed, sponsored, approved or authorized by Cheef;

(g) engaging in any conduct infringing the Cheef marks, copyrights, and, or Cheef's rights in, or to use or to exploit, the EXHALE mark the Cheef marks, copyrights, and related packaging and logos, or constituting any weakening of Cheef's name, reputation or goodwill;

(h) using or continuing to use Cheef's marks, copyrights, and or trade names or any variation thereof on the Internet (either in the text of websites, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in any goods or services not directly authorized by Cheef;

(i) hosting or acting as internet service provider for, or operating any websites, that offer for sale any products bearing the Cheef marks, and/or copyrights;

(j) using any email addresses to offer for sale any nongenuine products bearing the Cheef marks, copyrights;

(k) using any e-commerce site under any seller name, connected with any websites, that offer for sale any merchandise bearing the Cheef marks, or copyrights;

(l) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Cheef marks or copyrights; and

(m) effecting assignments or transfers, forming new entities or associations, or utilizing any other device to circumvent or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (l).

2. Within 10 days of judgment, Defendants must take all steps necessary to remove from all websites it owns or controls all text or other media offering for sale any merchandise bearing the Cheef marks, EXHALE mark and copyrights.

3. Within 30 days of judgment, Defendants must file and serve Cheef with a notarized sworn statement under 15 U.S.C. § 1116(a) detailing the manner and form in which Defendants complied with this injunction.

4. Order for Defendants to deliver up for destruction to Cheef all unauthorized products and advertisements in its possession or under their control bearing the EX-HALE trademark, copyrights, and related packaging and logos or any simulation, reproduction, counterfeit, copy or colorable imitation thereof.

5. Directing such other relief as the Court may deem appropriate to prevent the public from deriving any erroneous impression that any products manufactured, sold, or otherwise circulated or promoted by Defendants is authorized by Cheef or related to Cheef's products.

6. Defendant to pay to Cheef damages Cheef sustained from Defendant's infringement of the Cheef marks, copyrights, and related packaging and logos and unfair competition and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Cheef and EXHALE marks, copyrights, and that the award to Cheef be trebled as provided for under 15 U.S.C. § 1117; that Cheef be awarded statutory damages under 15 U.S.C. § 1117(c) of up to $2 million for each trademark Defendants willfully infringed.

7. Defendant to pay Cheef's costs with reasonable attorneys and investigators fees and prejudgment interest under 15 U.S.C. § 1117.

8. Awarding punitive damages to Cheef for Defendants' willful, malicious, and bad faith conduct.

9. Directing this Court retain jurisdiction to enable Cheef to apply to the Court at any time for such further orders and interpretation or execution of any order entered, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

10. Permanently enjoining Defendants from posting any of Plaintiff's copyrights to any ecommerce website including Amazon.com

11. Awarding to Cheef such other and further just and proper relief.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

April 8, 2022

/s/ Jonathan Pearce
Jonathan Pearce
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Cheef Holdings